UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FUBON INSURANCE CO. LTD.; TAIAN INSURANCE CO., LTD.; CATHAY CENTURY INSURANCE CO., LTD.; TAIWAN FIRE & MARINE INSURANCE CO., LTD.; THE FIRST INSURANCE CO., LTD.; SHINGKONG INSURANCE CO., LTD.; HOTAI INSURANCE CO., LTD.; MSIG MINGTAI INSURANCE CO., LTD.; and UNION INSURANCE CO., LTD.; as subrogees of Lite-On Singapore Pte. Ltd., <br><br>Plaintiffs, <br><br>v. <br><br>DHL GLOBAL FORWARDING (CHINA) CO., LTD.; DHL GLOBAL FORWARDING; and MARBAR LOGISTICS, INC., <br><br>Defendants. | Case No. |

## COMPLAINT

NOW COME the plaintiffs, by their attorney, Timothy S. McGovern of Zeiler Floyd Zadkovich (US) LLP, and complain of defendants as follows:

1. This is an action for damage to a cargo of 12,136 power supply units (the "Cargo") damaged during interstate road transportation between Chicago, Illinois, and Mt. Juliet, Tennessee, when defendants' truck driver drove off the road on October 14, 2021.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, as overland carriage of the Cargo within the United States is governed by the Carmack Amendment, 49 U.S.C. § 14706, and the matter in controversy exceeds $10,000.00, exclusive of interest and costs. This Court has supplemental jurisdiction over common law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper because the Cargo was damaged in Tippecanoe County, Indiana, within this district.

4. Plaintiffs, FUBON INSURANCE CO. LTD.; TAIAN INSURANCE CO., LTD.; CATHAY CENTURY INSURANCE CO., LTD.; TAIWAN FIRE & MARINE INSURANCE CO., LTD.; THE FIRST INSURANCE CO., LTD.; SHINGKONG INSURANCE CO., LTD.; HOTAI INSURANCE CO., LTD.; MSIG MINGTAI INSURANCE CO., LTD.; and UNION INSURANCE CO., LTD. (collectively referred to as "Fubon" for convenience) are the subrogated insurers of the Cargo. Pursuant to a policy of insurance, Fubon paid a claim for loss of the Cargo to its insured, the owner of the Cargo, in return for subrogation rights hereunder. A true and accurate copy of the subrogation receipt is submitted herewith as Exhibit 1 and made a part hereof.

5. Lite-On Singapore Pte. Ltd. owned the Cargo at all material times.

6. Defendants DHL GLOBAL FORWARDING (CHINA) CO., LTD. and DHL GLOBAL FORWARDING ("DHL") are and were the freight forwarder and/or carrier of the Cargo.

7. Defendant MARBAR LOGISTICS, INC. ("Marbar") was the motor carrier of the Cargo.

8. On or about October 10, 2021, DHL accepted the Cargo and agreed to carry the Cargo from Shanghai, China, to Chicago, Illinois, by air. DHL further agreed to transport the Cargo from Chicago, Illinois, to the consignee in Mt. Juliet, Tennessee, by road.

9. DHL issued House Air Waybill No. 8JL5088 "AS AGENT FOR THE SHIPPIER AND IN CAPACITY AS CONTRACTING CARRIER." A true and accurate copy of House Air Waybill No. 8JL5088 is submitted herewith as Exhibit 2 and made a part hereof ("HAWB").

10. The HAWB identifies "SHANGHAI PUDONG INTERNATIONAL APT" as the originating airport and "O'HARE APT/CHICAGO" as the destination airport. *Exhibit 2*.

11. The Cargo departed from Shanghai, China, on October 10, 2021, via flight no. CZ437 and arrived at O'Hare International Airport in Chicago, Illinois, on the same day.

12. After clearing United States Customs in Chicago, Illinois, on October 13, 2021, defendants, through their employees or agents, loaded the Cargo onto a truck and trailer owned and/or operated by Marbar for over-the-road carriage to the consignee in Tennessee.

13. DHL arranged for the transportation of the Cargo from Chicago, Illinois, to the consignee's facility in Tennessee.

14. On October 14, 2021, the Marbar truck and trailer were involved in a single vehicle accident on southbound Interstate 65 near Mile Marker 178 in Tippecanoe County, Indiana. A true and accurate copy of the Indiana Officer's Standard Crash Report is submitted herewith as Exhibit 3 and made a part hereof (the "Crash Report").

15. Pursuant to the Crash Report, the Cargo was "ejected from the interior of the trailer during the roll over event." *Exhibit 3, p. 1*.

16. The Indiana State Police retained the Cargo after the accident (excepting Cargo that was not recovered from the crash site) and ordered it to be stored in a warehouse pending investigation.

17. Fubon and its insured were first able to inspect part of the Cargo on January 14, 2022.

18. Once released from police custody, the Cargo was relocated to a separate warehouse for additional inspection on August 16, 2022.

## COUNT I
## Carmack Amendment - DHL
## 49 U.S.C. § 14706, *et seq.*

19. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 of the complaint as if fully restated herein.

20. On or about October 10, 2021, DHL accepted and agreed to transport the Cargo.

21. At the time DHL accepted the Cargo, said Cargo was in good order and condition.

22. On or about October 14, 2021, while the Cargo was in DHL's care, custody, and control, the Cargo was damaged in transit.

23. Defendant failed to deliver the Cargo to the consignee in the same condition as received.

24. As a result of the foregoing, the Cargo was damaged or otherwise impaired in value to the extent of $135,568.62.

25. By reason of the premises, defendant breached its duties and obligations as carrier and bailee of the Cargo, in one or more of the following ways:

    (a) Failing to deliver the Cargo in the same good order and condition as received;

    (b) Failing to protect the Cargo from damage;

    (c) Failing to take necessary measures to avoid the damage to the Cargo; and

    (d) Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

26. Plaintiffs and the Cargo owner duly performed all duties and obligations on their part to be performed.

27. Plaintiffs bring this action on their own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

28. By reason of the premises, plaintiffs have sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $135,568.62, plus interest, costs and expenses.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant in the amount of $135,568.62, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT II
### Carmack Amendment - Marbar
### 49 U.S.C. § 14706, *et seq*.

29. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 of the complaint as if fully restated herein.

30. On or about October 14, 2021, Marbar accepted and agreed to transport the Cargo over-the-road from Chicago, Illinois, to Mt. Juliet, Tennessee.

31. At the time Marbar accepted the Cargo, said Cargo was in good order and condition.

32. On or about October 14, 2021, while the Cargo was in Marbar's care, custody, and control, the Cargo was damaged in transit.

33. Defendant failed to deliver the Cargo to the consignee in the same condition as received.

34. As a result of the foregoing, the Cargo was damaged or otherwise impaired in value to the extent of $135,568.62.

35. By reason of the premises, defendant breached its duties and obligations as carrier and bailee of the Cargo, in one or more of the following ways:

    (a) Failing to deliver the Cargo in the same good order and condition as received;

    (b) Failing to protect the Cargo from damage;

    (c) Failing to take necessary measures to avoid the damage to the Cargo; and

    (d) Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

36. Plaintiffs and the Cargo owner duly performed all duties and obligations on their part to be performed.

37. Plaintiffs bring this action on their own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

38. By reason of the premises, plaintiffs have sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $135,568.62, plus interest, costs and expenses.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant in the amount of $135,568.62, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT III
### Breach of bailment against DHL

39. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 of the complaint as if fully restated herein.

40. On or about October 10, 2021, DHL accepted and agreed to transport the Cargo.

41. At the time DHL accepted the Cargo, said Cargo was in good order and condition.

42. On or about October 14, 2021, while the Cargo was in DHL's care, custody, and control, the Cargo was damaged in transit.

43. Defendant failed to deliver the Cargo to the consignee in the same condition as received.

44. As a result of the foregoing, the Cargo was damaged or otherwise impaired in value to the extent of $135,568.62.

45. By reason of the premises, defendant breached its duties and obligations as carrier and bailee of the Cargo, in one or more of the following ways:

   (a) Failing to deliver the Cargo in the same good order and condition as received;

   (b) Failing to protect the Cargo from damage;

   (c) Failing to take necessary measures to avoid the damage to the Cargo; and

   (d) Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

46. Plaintiffs and the Cargo owner duly performed all duties and obligations on their part to be performed.

47. Plaintiffs bring this action on their own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

48. By reason of the premises, plaintiffs have sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $135,568.62, plus interest, costs and expenses.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant in the amount of $135,568.62, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT IV
## Breach of bailment against Marbar

49. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 of the complaint as if fully restated herein.

50. On or about October 14, 2021, Marbar accepted and agreed to transport the Cargo over-the-road from Chicago, Illinois, to Mt. Juliet, Tennessee.

51. At the time Marbar accepted the Cargo, said Cargo was in good order and condition.

52. On or about October 14, 2021, while the Cargo was in Marbar's care, custody, and control, the Cargo was damaged in transit.

53. Defendant failed to deliver the Cargo to the consignee in the same condition as received.

54. As a result of the foregoing, the Cargo was damaged or otherwise impaired in value to the extent of $135,568.62.

55. By reason of the premises, defendant breached its duties and obligations as carrier and bailee of the Cargo, in one or more of the following ways:

   (a) Failing to deliver the Cargo in the same good order and condition as received;

   (b) Failing to protect the Cargo from damage;

   (c) Failing to take necessary measures to avoid the damage to the Cargo; and

   (d) Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

56. Plaintiffs and the Cargo owner duly performed all duties and obligations on their part to be performed.

57. Plaintiffs bring this action on their own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

58. By reason of the premises, plaintiffs have sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $135,568.62, plus interest, costs and expenses.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant in the amount of $135,568.62, plus interest, costs, and expenses, and for such other relief as this Court deems just.

Respectfully submitted,

FUBON INSURANCE CO. LTD.; TAIAN INSURANCE CO., LTD.; CATHAY CENTURY INSURANCE CO., LTD.; TAIWAN FIRE & MARINE INSURANCE CO., LTD.; THE FIRST INSURANCE CO., LTD.; SHINGKONG INSURANCE CO., LTD.; HOTAI INSURANCE CO., LTD.; MSIG MINGTAI INSURANCE CO., LTD.; and UNION INSURANCE CO., LTD.; as subrogees of Lite-On Singapore Pte. Ltd., plaintiffs,

s/ Timothy S. McGovern
Their attorney

Timothy S. McGovern (Ill. 6275492)
**Zeiler Floyd Zadkovich (US) LLP**
53 West Jackson Boulevard
Suite 1240
Chicago, Illinois 60604
Tel.: (312) 545-4994
Email: tim.mcgovern@zeilerfloydzad.com